**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**  // **MISCELLANEOUS NO. 1:19-MC-47**
      **CRIMINAL ACTION NO. 1:19-CR-28-04**
      **(Judge Keeley)**

**TRESSIE LENEE PAYNE,**

    **Defendant.**

**ORDER ADOPTING DRUG COURT REPORT AND RECOMMENDATION**

By Order dated November 6, 2019, the Court referred the defendant's participation in the Northern District of West Virginia Drug Court Program to the Honorable Michael J. Aloi, United States Magistrate Judge (Dkt. No. 305 in Case No. 1:19-CR-28-04 and Dkt. No. 2 in Case No. 1:19-MC-47). In a report and recommendation ("R&R") entered on June 3, 2021, Magistrate Judge Aloi advised that the defendant had successfully completed the District's Drug Court Program (Dkt. No. 552 in Case No. 1:19-CR-28-04 and Dkt. No. 35 in Case No. 1:19-MC-47).

Having reviewed the record and for good cause, the Court **ADOPTS** the R&R (Dkt. No. 552 in Case No. 1:19-CR-28-04 and Dkt. No. 35 in Case No. 1:19-MC-47), and, pursuant to U.S.S.G. § 6A1 et seq., **ORDERS** as follows:

    1.    The Probation Officer shall amend the presentence report for the parties and the Court;

2. The amended presentence report shall be disclosed to defendant, defense counsel, and the United States on or before **July 16, 2021**; however, the Probation Officer shall not disclose any sentencing recommendations made pursuant to Fed. R. Crim. P. 32(e)(3);

4. Counsel may file written objections to the amended presentence report on or before **July 30, 2021**;

5. The Office of Probation shall submit the amended presentence report with addendum to the Court on or before **August 6, 2021**; and

6. Counsel may file any written sentencing statements and motions for departure from the Sentencing Guidelines, including the factual basis from the statements or motions, on or before **August 6, 2021.**

The magistrate judge continued defendant on bond pursuant to the Order Setting Conditions of Release (Dkt. No. 17 in Case No. 1:19CR28-04) entered on June 3, 2019.

The Court will conduct the sentencing hearing for the defendant on **August 13, 2021** at **1:00 P.M.** at the **Clarksburg, West Virginia** point of holding court. Prior to that hearing, defendant's counsel shall review with her the revised Standard Probation and Supervised Release Conditions adopted by this Court on November 29,

2016, pursuant to the Standing Order entered by Chief Judge Groh, <u>In Re: Revised Standard Probation and Supervised Release Conditions</u>, 3:16-MC-56.  A copy of the Standard Probation and Supervised Release Conditions and Standing Order are attached.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and all appropriate agencies.

DATED: June 24, 2021.

>/s/ Irene M. Keeley
>IRENE M. KEELEY
>UNITED STATES DISTRICT JUDGE

STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.[1]
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You shall not commit another federal, state or local crime.
4. You shall not unlawfully possess a controlled substance. You shall refrain from any unlawful use of a controlled substance. You shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the probation officer.
5. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
6. You must answer truthfully the questions asked by your probation officer.
7. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least JO days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
9. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least JO days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
10. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
11. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
12. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or lasers).
13. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
14. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
15. You shall not purchase, possess or consume any organic or synthetic intoxicants, including bath salts, synthetic cannabinoids or other designer stimulants.
16. You shall not frequent places that sell or distribute synthetic cannabinoids or designer stimulants.
17. Upon reasonable suspicion by the probation officer, you shall submit your person, property, house, residence, vehicle, papers, computers, or other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition.
18. You are prohibited from possessing a potentially vicious or dangerous animal or residing with anyone who possesses a potentially vicious or dangerous animal. The probation officer has sole authority to determine what animals are considered to be potentially vicious or dangerous.
19. You must follow the instructions of the probation officer related to the conditions of supervision.

---

[1]This condition applies to defendants released to the community after a period of imprisonment. For probation cases, the condition is: You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**IN RE:    REVISED STANDARD PROBATION AND SUPERVISED RELEASE
CONDITIONS
UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

**Miscellaneous No.**   3:16-MC-56

## ORDER

The Court has revised its Standard Probation and Supervised Release Conditions effective this date.

1. It is **ORDERED** that the attached Standard Conditions are hereby approved and adopted as the Standard Conditions of Probation and Supervised Release of the United States District Court for the Northern District of West Virginia.

2. It is further **ORDERED** that these Conditions shall be published and made available to the officers and members of the bar of this Court.

It is so **ORDERED**.

DATED: Nov. 29 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE